UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>S. BABB,<br><br>        Defendant. | Case No. 1:18-cv-00960-NONE-JLT (PC)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO MODIFY DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 33) |

    Defendant has filed an *ex parte* application to modify the Court's discovery and scheduling order. (Doc. 33.) Defendant requests that the discovery cutoff date and dispositive motion deadline be extended by two months. (*See id.* at 1, 3.) Defense counsel declares that scheduling Plaintiff's deposition is not currently possible due to prison restrictions imposed in response to the COVID-19 pandemic; thus, counsel is requesting the extension for the purpose of taking Plaintiff's deposition. (Doc. 33-1 at 2.) Defendant also requests leave to conduct Plaintiff's deposition remotely via videoconference. (Doc. 33 at 1, 3.)

    Good cause appearing, the Court GRANTS Defendant's request to modify the discovery and scheduling order. The Court sets the following new deadlines:

1. The deadline to complete discovery, including filing motions to compel, is **October 30, 2020**; and,

2. The deadline to file pre-trial dispositive motions is **December 30, 2020**.

All other deadlines from the Court's discovery and scheduling order (Doc. 30-1) remain in effect.

Defendant's request for leave to conduct Plaintiff's deposition by videoconference is unnecessary. The Court already authorized the taking of Plaintiff's deposition via video in its discovery and scheduling order. Pursuant to the order, "Defendants may depose Plaintiff and any other witness confined in a prison, by video or in person," provided that it is consistent with prison policy and the prison has the necessary equipment. (Doc. 30-1 at 2.)

IT IS SO ORDERED.

Dated: __**July 9, 2020**__                     _____**/s/ Jennifer L. Thurston**_____
                                                UNITED STATES MAGISTRATE JUDGE